*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

UNPUBLISHED
June 17, 2021

v

No. 349301
Oakland Circuit Court
LC No. 2018-268800-FH

CESAR ALEXANDER ECHEGOYEN,

Defendant-Appellant.

Before: REDFORD, P.J., and BORRELLO and TUKEL, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial conviction for first-degree home invasion, MCL 750.110a(2). Defendant was sentenced to 16 months to 20 years' imprisonment. On appeal, defendant seeks a new trial based on his arguments (1) that his trial counsel was ineffective for failing to request a jury instruction for a lesser-included offense and (2) that the jury's conviction for first-degree home invasion and acquittal for two assault charges represented an inconsistent verdict that was the product of jury confusion and compromise. For the reasons set forth in this opinion, we dismiss this appeal as moot.

The parties do not dispute that defendant was deported from the United States after being convicted in federal court of unlawful re-entry after removal. Defendant's appellate counsel indicated in a motion to extend the time for filing a brief that defendant was deported to El Salvador before defendant's current appellate counsel was appointed. Defendant's appellate counsel further indicated in this motion that she had not been able to confer with defendant and that she was attempting to locate him. Appellate counsel has not indicated that these attempts were successful or that she was able to confer with defendant. Defendant appears to have shown no interest in pursuing an appeal of his conviction. Under these circumstances, we agree with the prosecution's statement in its appellate brief that this case appears at this juncture to be a "mere academic exercise[] between the State Appellate Defender's Office and the Oakland County Prosecutor's Office." Moreover, even were we to decide that defendant was entitled to relief, we do not see how a new trial would be possible or beneficial when defendant is not in the country and there is apparently no known means for providing him with notice.

"An issue is moot when an event occurs that renders it impossible for the reviewing court to fashion a remedy to the controversy." *People v Cathey*, 261 Mich App 506, 510; 681 NW2d 661 (2004). "It is universally understood by the bench and bar . . . that a moot case is one which seeks to get a judgment on a pretended controversy, when in reality there is none, or a decision in advance about a right before it has been actually asserted and contested, or a judgment upon some matter which, when rendered, for any reason, cannot have any practical legal effect upon a then existing controversy." *League of Women Voters of Michigan v Secretary of State*, 506 Mich 561, 580; 957 NW2d 731 (2020) (quotation marks and citation omitted; ellipsis in original).

Here, defendant's deportation and apparent lack of any indication that he desires to pursue this appeal has rendered the matter moot because it does not appear that a decision on the merits of the arguments presented by his appellate counsel could have any practical effect on the matter and would instead involve us rendering a decision on matters not actually contested by defendant. *Id*. Doing so would be akin to providing an "improper advisory opinion." *Id*. at 581 (quotation marks and citation omitted). Additionally, we are troubled by the fact that defendant has not been able to participate, or even discuss with appellate counsel potential issues in his current appeal. While we recognize that a conviction will have adverse effects for defendant if he tries to reenter the United States, it would be best to decide whatever appellate issues defendant may raise when he has an opportunity to actually participate in his defense. We therefore dismiss defendant's appeal at this juncture as moot.

Dismissed as moot.

/s/ James Robert Redford
/s/ Stephen L. Borrello
/s/ Jonathan Tukel